STATE ex rel. NORBECK et al., as Rural Credit Board, Plaintiff, v. HANDLIN, State Auditor, et al., Defendants.

(164 N. W. 103.)

(File No. 4265.   Opinion filed August 30, 1917.)

1. **States—Appropriation—Auditor's Warrant For, Power to Issue—General Statute.**

   The state auditor may, under an appropriation act containing no express direction to him to issue a warrant for moneys in the hands of the state treasurer, issue such warrant for the amount of a portion of the appropriation for the state rural credit board made by Laws 1917, Chap. 333, Sec. 26, since the general statute, Pol. Code, Sec. 71, prescribes that all accounts and claims against the state which shall be by law directed to be paid out of state treasury, shall be paid upon warrant of state auditor.

**2.   Same—Payment of Appropriation—Itemized Voucher, Filing of
With Auditor, Necessity—Statute.**

In view of the various provisions of the Rural Credits Act,
it was the intention of the Legislature, under the broad powers
given to the Rural Credits Board to exempt the appropriation
for said board made by Laws 1917, Chap. 333, Sec 26, from
the requirements of Pol. Code, Sec. 76, as amended by Laws
1909, Chap. 189, and Laws 1917, Chap. 366, that a verified
account must be filed with state auditor before warrant issues;
since it was the intention to place the whole sum at the disposal
of said board, to be disbursed according to the judgment of its
members.   It is the clear intention of the Legislature (Sec. 5,
Act 1917), to substitute the executive accountant for the state
auditor as the auditing officer of the board's accounts, and it
is the duty of the state auditor to issue warrants on state
treasury for such sums as may be called for by the board out
of said appropriation, upon presentation of voucher by treas-
urer of the board, accompanied by certified copy of minutes
of board showing such demand.

Whiting, J., absent and not sitting. ·  ·

Original proceeding in the Supreme Court.. Application for
writ of mandamus by the State, on the relation of Peter Norbeck
and others, as members and composing the South Dakota Rural
Credit Board, against J. E. Handlin, as State Auditor, and G. H.
Helgerson, as State · Treasurer.   Alternative writ made per-
emptory.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,*
Assistant Attorney General, for relators.

(2) To point two of the opinion, Defendant, J. E. Handlin,
State Auditor, cited:   Sawyer v. Mayhew, 10 S. D. 18. ·  ·

GATES, P. J.   Application for mandamus to compel the
state auditor to issue a warrant upon the state treasury to the
treasurer of the South Dakota rural credit board for the sum of
$5,000 and to compel the state treasurer to pay the same.   The
said sum requested by the rural credit board is a portion of the
$200,000 appropriated by section 26, c. 333, Laws 1917.   For a
return to the alternative writ the state treasurer states that he is
ready to obey and carry out the order which the court may make.
By his return the state auditor questions whether he has any
authority under the provisions of said chapter to issue any war-
rant for the amount of said appropriation, but states that, if he
has such authority, it can only be exercised upon the filing of an

itemized voucher as required by section 76, Pol. Code, as amended
by chapter 189 of the Laws of 1909 and by chapter 366 of the
Laws of 1917. The treasurer of the rural credit board did file
with his voucher in the sum of $5,000 a certified copy of the
minutes of the board as follows:

"It was moved that the rural credit board at this time draw
$5,000 from the moneys appropriated by chapter 333, Session
Laws of 1917, for the purpose of carrying out the provisions of
said act, and that such moneys be obtained upon the voucher and
receipt of the treasurer of this board, the same to be approved by
the Governor or rural credit commissioner, which voucher so
approved shall be the authority of the treasurer of this board to
receive said moneys from the state treasurer."

Pursuant thereto said voucher was approved by the Governor.

[1] It is our opinion that the first objection of the state
auditor is trivial. It is true that the present appropriation con-
tains no express direction to the state auditor to issue the war-
rant; neither do many of the appropriations contained in 114
specific appropriation acts (chapters 4 to 117, inclusive, of the
Laws of 1917), nor the appropriation acts of other sessions of
the Legislature. It is unnecessary for each appropriation act to
direct the state auditor to issue a warrant for the appropriation.
That is taken care of by section 71, Pol. Code, which prescribes
that all accounts and claims against the state, which shall be by
law directed to be paid out of the state treasury, shall be paid
upon the warrant of the state auditor.

[2] There is more force in the second contention of the state
auditor; but, in view of the various provisions of the Rural Credit
Act, we are convinced that it was the intention of the Legislature,
under the broad powers given to the Rural Credit Board, to except
this appropriation from the requirements of Pol. Code, § 76, as
amended, and that it was the intention to place the whole sum
of $200,000, at the disposal of the rural credit board, to be by it
disbursed according to the judgment of its members. As a check
upon the board, however, the executive accountant is, by section
5, made the auditing officer of its accounts, and it is required to
make to him a monthly statement of its business. By the terms
of the act the proceeds of state bonds and warrants issued to

raise money for loaning purposes do not go into the hands of the state treasurer, but into the hands of the treasurer of the board. Inasmuch as this appropriation of $200,000 is for the purpose of carrying the provisions of the act into effect, it is evident that any portion of it may be loaned, and it is equally evident that the state auditor is not given authority to pass upon any of said loans. If itemized vouchers are not required in order to draw such portion of the appropriation as may be used in making loans, it would be anomalous to require that itemized vouchers must be required in order to draw money for the purpose of paying the expenses of the board. We therefore think that it was the clear intention of the Legislature to substitute the executive accountant for the state auditor as the auditing officer of the board's accounts, and that it is the duty of the state auditor to issue warrants upon the state treasury for such sums as may be called for by the board out of said appropriation, upon presentation of vouchers by the treasurer of the board, accompanied by a certified copy of the minutes of the board showing such demand.

The alternative writ of mandamus will therefore be made peremptory. No costs will be taxed.

WHITING, J., absent and not sitting.